STROOCK & STROOCK & LAVAN LLP
JAMES G. SAMMATARO (State Bar No. 204882)
*jsammataro@stroock.com*
HANS H. HERTELL (*Pro Hac Vice Pending*)
*hhertell@stroock.com*
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone:   310-556-5800
Facsimile:   310-556-5959
Email:          *lacalendar@stroock.com*

Attorneys for Plaintiffs
 GERENCIA 360 MUSIC, INC.
 GERENCIA 360 PUBLISHING, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERENCIA 360 MUSIC, INC. and GERENCIA 360 PUBLISHING, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> CORNELIO VEGA CUAMEA, JESUS CORNELIO VEGA LUNA, JESUS VALENTIN VEGA LUNA, COVE RECORDS, INC., MARIO AGUILAR, RUBEN GONZALEZ, and WOUNDED ENTERPRISES, INC., <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR**: <br><br> **(1) Breaches of Contract** <br><br> **(2) Inducement to Breach of Contract** <br><br> **(3) Intentional Interference with Contractual Relations** <br><br> **(4) Unfair Competition (Violation of California Bus. & Prof. Code §§ 17200 *et. seq*)** <br><br> **(5) Copyright Infringement** <br><br> **(6) Unjust Enrichment** <br><br> **<u>DEMAND FOR JURY TRIAL</u>** |

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs, Gerencia 360 Music, Inc. and Gerencia 360 Publishing, Inc. (collectively, "Gerencia"), through counsel, hereby file the following complaint against the defendants, Cornelio Vega Cuamea, Jesus Cornelio Vega Luna ("Cornelio Jr."), Jesus Valentín Vega Luna (collectively, "CVYSD"), Cove Records, Inc., Mario Aguilar, Ruben Gonzalez and Wounded Enterprises, Inc. (together with CVYSD and collectively, "Defendants"), and allege as follows:

## INTRODUCTION



1.      This image was posted on social media to communicate CVYSD's repudiation of their exclusive contractual commitments to Gerencia.  The members of this musical group, CVYSD, only recently sprang from obscurity to fame on the strength of Gerencia's financial support, connections, and music industry expertise. Upon attaining the very musical stardom to which the parties' contracts aspired, CVYSD snubbed Gerencia and began breaching their contractual commitments by flinging demonstrably false accusations as pretext for terminating their contracts with Gerencia; conspiring with a recording studio to steal masters from an unfinished album

1  belonging to Gerencia; campaigning to smear Gerencia's good name and reputation;
2  and misusing Gerencia's recordings and intellectual property to promote their own,
3  competing label.   Gerencia's good faith efforts to address CVYSD's fictional
4  grievances have been met with open derision, including social media posts in which
5  Defendants have hoisted the middle finger at Gerencia and openly invited this
6  litigation with the public taunt, "*sue me, I don't give a fu%k.*"

7  ## JURISDICTION AND VENUE

8  2.     This Court has subject matter jurisdiction over this action pursuant to 28
9  U.S.C. § 1338(a).  There is federal question jurisdiction as this action arises under the
10  Copyright Act, 17 U.S.C. §§ 101 *et seq.*

11  3.     This Court also has supplemental jurisdiction over Gerencia's California
12  state law claims pursuant to 28 U.S.C. § 1367.

13  4.     Pursuant to 28 U.S.C. § 1391(b) venue is proper in the Central District of
14  California because the agreements at issue provide that all disputes are to governed by
15  California law and shall be resolved in this Court.  Additionally, a substantial part of
16  the events giving rise to this action occurred in this District, and all Defendants are
17  subject to the Court's personal jurisdiction.  Venue is also proper in this District
18  pursuant to 28 U.S.C. § 1400(a), because this is where several of the Defendants
19  (specifically, Mario Aguilar, Ruben Gonzalez  and Wounded Enterprises, Inc.) either
20  reside or may be found.

21  5.     All conditions precedent to the prosecution of this action have been
22  satisfied, fulfilled, extinguished, waived or otherwise executed.

23  ## PARTIES

24  6.     Plaintiff, Gerencia 360 Music, Inc. ("Gerencia 360 Music"), is a
25  California corporation having its principal place of business in Burbank, California.

26  7.     Plaintiff, Gerencia 360 Publishing, Inc. ("Gerencia 360 Publishing"), is a
27  California corporation having its principal place of business in Burbank, California.

28

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

8.     Defendant, Cornelio Vega Cuamea ("Cornelio Sr."), is an individual who is a resident and citizen of Mexico, and a member of the musical group presently known as Cornelio Vega y Su Dinastía ("CVYSD").

9.     Defendant, Cornelio Jr., is an individual who is a resident and citizen of Mexico, the son of Cornelio Sr. and a member of CVYSD.

10.     Defendant, Jesus Valentín Vega Luna ("Jesus Valentin"), is an individual who is a resident and citizen of Mexico, the son of Cornelio Sr. and a member of CVYSD.[1]

11.     Defendant, Cove Records, Inc., is a Texas corporation incorporated by Cornelio Sr. and has its principal place of business in San Antonio, Texas.

12.     Defendant, Mario Aguilar, is an individual who is believed to be a resident of South Gate, California.  His citizenship is unknown to Plaintiffs.

13.     Defendant, Ruben Gonzalez, is an individual who is believed to be a resident of South Gate, California.  His citizenship unknown to Plaintiffs.

14.     Defendant, Wounded Enterprises, Inc., is a California corporation having its principal place of business in South Gate, California.  Upon information and belief, Defendants Mario Aguilar and Ruben Gonzalez ("Messrs. Aguilar and Gonzalez"), who purport to do business as "Wounded Studios," own the company Wounded Enterprises, Inc.

15.     Defendants are subject to personal jurisdiction as they regularly conduct business in the State of California, and have voluntarily agreed, and waived all objections, to this Court's exercise of personal jurisdiction over them.

---

[1] References to CVYSD should be interpreted to apply both individually and collectively to Cornelio Sr., Cornelio Jr. and Jesus Valentin, unless otherwise indicated.

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

**FACTUAL BACKGROUND**

16.     Founded in 2013 by Luis Del Villar ("Mr. Del Villar"), Gerencia is a burgeoning, yet already decorated, music company specializing in the Mexican Regional musical genre.  Gerencia's meteoric rise is attributable to its discovery and development of a roster of chart-topping Mexican millennial artists ("Mexillenials"), including CVYSD.

17.     Gerencia and its affiliated entities provide comprehensive, or "360," support to their artists though its record label, publishing arm, booking agency and management company.

18.     Gerencia's impact has caught the industry's attention, as Mr. Del Villar has been recognized, by among others, the Billboard's Latin Power and Indie Power Players Lists.[2]

19.     CVYSD is a Mexican Regional musical group featuring Cornelio Sr., his two sons, and two other backup instrumentalists.  The youngest son, Cornelio Jr., is the band's lead singer, songwriter and accordion player.

20.     CVYSD was formed in Ciudad Obregón, State of Sonora, Mexico, where the band members are believed to reside.

21.     Messrs. Aguilar and Gonzalez own and operate a recording studio in South Gate, California, doing business as "Wounded Studios" and having incorporated a California corporation named Wounded Enterprises, Inc.  CVYSD recorded, but did not complete, a second studio album at the "Wounded Studios" location.

_____

[2] *See  e.g.*:  https://www.billboard.com/articles/business/7898108/2017-indie-music-business-executives-power-list-independents.

https://www.billboard.com/articles/business/8471904/billboard-indie-power-players-list-2018.

http://yayainthecity.com/meet-the-guy-billboard-magazine-is-calling-the-new-starmaker/.

*CVYSD Signs with Gerencia in October 2016.*

22. In October 2016, Gerencia seized upon an opportunity to promote and develop a father-son trio, which was languishing in relative obscurity despite talent and a recognizable family name in the Regional Mexican genre: Vega. The Vega name first reached some acclaim in the mid-1990s, when Cornelio Sr. recorded a number of Regional Mexican hit songs as both a soloist and alongside his brother in the musical group known as *Hermanos Vega* (Vega Brothers).

23. Two decades later, in 2014, Cornelio Sr. formed CVYSD with his two teenage sons. The band's name, which translates to "Cornelio Vega and his Dynasty," is a tribute to the Vega family name.

24. CVYSD was unable to land a record deal in the first two years of its existence. Instead, CVYSD recorded and self-published a number of songs.

25. In early 2016, interest in CVYSD peaked when Cornelio Jr. and Jesus Valentin participated in the reality television talent show, *Tengo Talento, Mucho Talento* (I Have Talent, Much Talent), broadcast by EstrellaTV, and Cornelio Jr. released the single, *Primero*, on YouTube.

26. Recognizing CVYSD's potential and appeal to "Mexillenials," Gerencia sought to sign CVYSD. The parties negotiated and ultimately entered into two agreements: (i) a "360" or "multi-rights" deal covering a wide range of services, including recording, publishing, touring, brand management, advertising and merchandising services; and (ii) a Participation Agreement concerning CVYSD and the band member's distribution of content on YouTube and related online platforms. CVYSD also entered into an exclusive management agreement with Gerencia's affiliate, Gerencia 360 Management, Inc.[3]

_____

[3] Gerencia 360 Management, Inc.'s management agreement is not subject to this litigation.

-5-
COMPLAINT

27.     On October 28, 2016, Cornelio Sr., Cornelio Jr. and Jesus Valentin, individually and collectively, entered into the "360 Recording Contract with Multiple Exclusive Rights" (hereinafter, "360 Agreement") with Gerencia 360 Music.  (A partially redacted copy of the Certified Translation of the 360 Agreement is attached hereto as **Exhibit 1**).

28.     The 360 Agreement provided for an initial one-year period, which could be extended by up to four consecutive option periods, for a total duration of five years.  (*See* 360 Agreement ¶ 2(D)).  The agreement's territorial scope was the world.  (*Id.* ¶ 2(C)).

29.     The 360 Agreement was designed to provide a full array of services touching upon most, if not all, aspects of CVYSD's musical career.

30.     Pursuant to the 360 Agreement, Gerencia agreed to invest up to $400,000.00 in connection with the recording, promoting and marketing of each of CVYSD's forthcoming albums and any attendant music videos.  (*See id.* ¶ 2(B)(1)).  Gerencia agreed to provide the band with a $40,000.00 advance.  (*Id.* at 1).

31.     In exchange for Gerencia's investment of time and resources, CVYSD agreed to record an original album (consisting of at least eleven original compositions ("masters") and an aggregate length of 30 minutes) during each one-year period, and to confer intellectual property and revenue-sharing rights to Gerencia.  (*See id.* ¶¶ 2(B)(2), 3(A), 3(E)-(G), and 4(A)-(F)).

32.     Specifically, CVYSD agreed to record the masters in a recording studio at mutually agreeable dates and times, and to deliver to Gerencia completely finished, edited and mixed stereo masters in a manner suitable for commercial manufacturing and digital distribution.  (*See id.* ¶ 3(C)).  CVYSD further agreed to deliver the masters and album to Gerencia within sixty (60) days of Gerencia's request and no earlier than nine (9) months after the preceding album.  (*See id.* ¶ 3(A)).

33.     The masters, albums and music videos recorded and delivered by

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

CVYSD to Gerencia are works for hire and/or works assigned to Gerencia, with all copyright interests vesting in Gerencia.  (*See id.* ¶ 3(G)).  Pursuant to the 360 Agreement, Gerencia is conferred the full panoply of Section 106 exclusive rights under the Copyright Act, including the exclusive right to distribute, create derivative versions, publicly perform, and otherwise exploit the copyrights to the masters and music videos.  (*Id.*).

34.    CVYSD agreed to revenue splits with Gerencia for: song and album sales and distribution; Sound Exchange royalties; publishing royalties; live concerts, performances and acting gigs; sponsorship deals, advertising placements, and the use of CVYSD and the band members' names, images and likeness; and the sale of merchandise.  (*See id.* ¶¶ 4, 5).

35.    On October 28, 2016, Cornelio Sr., Cornelio Jr. and Jesus Valentin also signed the Participation Agreement with Gerencia for a five year term ending on October 28, 2021.  (*See* Certified Translation of the Participation Agreement, a partially redacted copy of which is attached hereto as **Exhibit 2**, at ¶ 1).[4]

36.    The Participation Agreement granted Gerencia exclusive global rights to distribute, administer, collect, and share in the revenues generated by CVYSD and the band members' music videos and user generated content (not otherwise generated pursuant to the 360 Agreement) posted on YouTube and social media platforms.  (*See id.* ¶¶ 2-3).  CVYSD agreed to a revenue split for such user generated content.  (*Id.* ¶ 3).

---

[4] The *Contrato de Participación* was translated from its original Spanish into English as "Joint Venture Agreement" (*see* Ex. 2), but Participation Agreement is a more accurate translation of the agreement's name, and better reflective of the agreement's substance.

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

*Gerencia Heavily Invests in CVYSD, and Raises CVYSD to New Heights*.

37.     Backed by Gerencia's financial support, CVYSD completed its first official studio album entitled, *El Problema*. *El Problema* featured thirteen tracks and was released by Gerencia on November 10, 2017.  Gerencia invested in excess of $635,000.00 in producing and promoting this album, including producing five music videos for the songs: *Las Tekates*, *Yo Soy*, *No Me Hubiera Enamorado*, *El Primero* and *El Problema*.

38.     The *El Problema* album was a resounding success and produced several hit singles that quickly climbed the charts, and placed CVYSD in rarified air.  In particular, *No Me Hubiera Enamorado* made the Billboard's Top 40 Hot Latin Songs list in January 2018, rising all the way to Number #4, and rose to Number #1 on monitor LATINO's Mexico's Hot Song Popular list.  This song has been streamed more than 28.2 million times on Spotify and 41 million times on YouTube, and its music video has been watched over 74 million times on YouTube.

39.     The first album produced other hits, such as the album's namesake track, *El Problema*, featuring another one of Gerencia's top artists, Adriel Favela.  The song *El Problema* has been streamed over 14.1 million times on Spotify and its music video has been viewed over 56 million times on YouTube.

40.     Following the release of *El Problema*, CVYSD played to large audiences in Mexico, and launched an international tour with a series of concert dates in the United States, including in California, Illinois and Texas.

41.     Gerencia's heavy investment in creating, enhancing and promoting CVYSD was instrumental to CVYSD's success, and led to a spike in CVYSD's marketability and financial fortunes.  By way of example, CVYSD's performance fee for concerts and live events increased by more than 530 percent (from approximately MXN $280,000.00 to $1,500,000.00, or roughly U.S. $75,000.00) for events taking place in Mexico, and more than doubled for U.S. concert events.

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

42.     Committed to CVYSD's musical career and to furthering the band's ascension, Gerencia exercised the first option pursuant to the 360 Agreement, extending the agreement for the October 28, 2017 to October 28, 2018 term.

43.     Thereafter, on April 24, 2018, Gerencia contracted with Messrs. Aguilar and Gonzalez *d/b/a* "Wounded Studios," a recording studio located in South Gate, California, and made an initial deposit towards the recording and producing of CVYSD's second studio album.  (*See* Producer Work for Hire Agreement, a true and correct copy of which is attached hereto as **Exhibit 3**).

44.     Pursuant to Gerencia's agreement with Wounded Studios, CVYSD was to record at least eight (8) tracks: (1) *Fue Un Error Amarte*; (2) *No Vuelvo Con Ella*; (3) *Te Arrepentiras*; (4) *Ven Conmigo*; (5) *Y Como Le Hago*; (6) *Loco*; (7) *La Kushara*; and (8) *Sin Raspar Muebles*.  (*Id.* at Schedule A).

45.     On April 25, 2018, CVYSD recorded the eight tracks (and possibly others) at the Wounded Studios, in South Gate, California.  Pursuant to the 360 Agreement, CVYSD were required to record at least three (3) additional tracks in time for the second album's scheduled official release in November 2018.  Despite Gerencia's insistence, neither Mario Aguilar nor Ruben Gonzalez delivered the sound recordings that they and Wounded Studios agreed to deliver to Gerencia under the Producer Work for Hire Agreement.  To date, Messrs. Aguilar and Gonzalez have delivered only one out of fourteen sound recordings that were due to be recorded by CVYSD.

46.     The first single from the envisioned second album, *La Kushara*, was released on April 4, 2018.  *La Kushara* was released ahead of Gerencia's scheduled release date (and even prior to CVYSD's recording session at Wounded Studios), as Cornelio Jr. had published the song on YouTube on March 30, 2018, without Gerencia's authorization and consent.

47.     By June 2018, *La Kushara* topped 1.6 million streams on Spotify.  Since

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

Cornelio Jr.'s unauthorized publication, the song has been listened to over 6.4 million times on YouTube, despite the lack of advance promotion and an accompanying music video.

48.     The second single from the second album, *Fue un Error Amarte*, was released on June 22, 2018 and followed by the release of a music video on June 23, 2018. *Fue un Error Amarte* was a chart-topping hit, reaching No. #1 on the iTunes Mexico general chart and amassing over 29 million views on YouTube since the music video's release, including 1 million views within the first 24 hours. To date, the song has been streamed over 9.7 million times on Spotify, without the support of CVYSD.

49.     *Fue un Error Amarte* spurred a rapid growth in CVYSD's fan base.

50.     Gerencia's then on-going investment in the second album was approximately $176,000.00.

51.     With Gerencia's financial support and market expertise, CVYSD graduated from an unappreciated band, unknown outside of Mexico, into an international phenomenon.

52.     At last count, CVYSD has over 4 million followers on Facebook and Instagram, over 137 million music video views on YouTube, and over 50 million streams on Spotify of the songs released under the Gerencia label. CVYSD also currently has over 1.2 million monthly listeners on Spotify, and its music is played throughout the United States, including on radio stations in major markets in Texas, California, Colorado, Georgia and Tennessee.[5]

---

[5] Further, at the recent 2018 Premios de la Radio, held on November 8, 2018 in Guadalajara, Mexico, CVYSD won the awards for Artist of the Year and Norteño Group of the Year.

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067-3086

***CVYSD Repudiates the 360 and Participation Agreements***.

53.     Despite the fact that CVYSD's new found success is a byproduct of Gerencia's financial and promotional support and market expertise, CVYSD has turned its back on Gerencia.

54.     In fact, just as CVYSD's star was on the verge of shining brighter, CVYSD abruptly, unexpectedly and improperly announced its desire to end its contractual relationship with Gerencia.  Specifically, on July 24, 2018, Cornelio Sr., as the "owner and legal representative" of CVYSD, sent a termination or "withdrawal" notice (*Carta de Retiro*) to Gerencia.  (*See* Letter from Cornelio Sr. to Mr. Del Villar dated July 24, 2018, a true and correct copy, as received by Gerencia, of which is attached hereto as **Exhibit 4**).

55.     Cornelio Sr.'s letter levied several misconceived or outright false accusations about Gerencia's alleged breaches of the 360 and Participation Agreements, as a pretext for demanding the termination of the agreements and seeking more favorable economic terms.  Chief among Cornelio Sr.'s complaints were: (i) CVYSD's alleged obligation to fund the band members' travel and lodging costs; (ii) the accuracy of Gerencia's accounting; and (iii) the quality of services and professionalism of Gerencia's staff tasked with planning and providing logistical support for CVYSD's shows.  (*See id.* at 3-7).

56.     Cornelio Sr.'s accusations are demonstrably false.

57.     The letter declared CVYSD's intent to not abide by its obligations under the 360 and Participation Agreements unless Gerencia modified the terms of the agreements.  Specifically, Cornelio Sr. threatened to: (i) cancel shows in the United States that Gerencia had already booked, and (ii) refuse to renew the band members' immigration visas, thereby insuring that CVYSD would not be able to travel and perform in the United States during the August 2018 to August 2019 period.  (*Id.* at 4-5).

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067-3086

58.     On August 3, 2018, CVYSD played at The Forum in Los Angeles, California.

59.     Elevating his threats into action, CVYSD did not renew their work visas in order to attend the next United States shows that had been booked at the Lynn Auditorium in Lynn, Massachusetts, the United Place in New York, New York, and La Movida Night Club in Bakersfield, California, from August 10 to 18, 2018.  As a consequence, Gerencia was forced to cancel these shows.

60.     Sinisterly, as CVYSD was forcing Gerencia to cancel the band's United States tour, on August 7, 2018, Cornelio Sr. incorporated Cove Records, Inc. ("Cove Records") in Texas for the purpose of having Cove Records exploit the music that Gerencia had paid for, and the intellectual property rights that CVYSD had contractually conferred to Gerencia.

61.     On August 24, 2018, Cornelio Jr. wrote to Mr. Del Villar that *Desde la Escondida* – a promotional "live album" released in advance of *El Problema* – should be treated by Gerencia as the second studio album under the 360 Agreement (as opposed to the recorded second album for which Gerencia had already invested in).

62.     Cornelio Jr. left no doubt as to CVYSD's plan to have Cove Records improperly step into Gerencia's shoes (and enjoy the spoils of Gerencia's investment), by stating that he would return the monies advanced by Gerencia to produce a second studio album, as "the new production is already paid for by CoveRecords [sic]."

63.     Messrs. Aguilar and Gonzalez did not deliver the sound recordings for the second album to Gerencia, as required under the Producer Work for Hire Agreement.  Instead, upon information and belief, Messrs. Aguilar and Gonzalez made a separate deal with CVYSD to provide the band with the sound recordings for use in Cove Record's upcoming release.

64.     On October 10, 2018, Gerencia demanded that Messrs. Aguilar and Gonzalez immediately deliver all materials related to the sound recordings produced

COMPLAINT

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

under the Producer Work for Hire Agreement. Messrs. Aguilar and Gonzalez never so much as even responded to Gerencia's request.

***Gerencia Puts CVYSD on Notice of its Breaches, Offers to Salvage the Relationship, but is Met with Disparagement***.

65. From August to October 2018, Gerencia attempted to salvage its relationship with CVYSD, sending a series of letters in which it addressed Cornelio Sr.'s alleged concerns, and offering to discuss the terms of the parties' relationship.

66. On October 5, 2018, Gerencia placed CVYSD on formal notice of its breaches under the 360 Agreement, including, without limitation, CVYSD's failure or refusal to: (i) complete a second studio album, and to deliver all of the contracted-for masters; (ii) appear at concerts scheduled in the United States; (iii) allow Gerencia's staff to provide logistical support for the concerts in Mexico, including by making threats to Gerencia's staff; (iv) cooperate and coordinate with Gerencia in the promotional activities related to the first and second studio albums; (v) advise Gerencia of newly composed and/or recorded music and music videos, including collaborations with other artists and several works published on YouTube without giving prior notice or credit to Gerencia; (vi) abide by the agreements' exclusivity terms, including by promoting an album to be released by Cove Records, and selling merchandise through the "OnebyCVJR" and Cove Records' brands[6]; and (vii) make payment of Gerencia's revenue share from concerts and the sale of merchandise. (*See* Letter from James G. Sammataro, Esq. to CVYSD dated October 5, 2018, a partially redacted copy of which is attached hereto as **Exhibit 6**).

67. Gerencia also notified CVYSD that by recording, producing and publishing new music and music videos without Gerencia's knowledge or authorization, CVYSD had breached the 360 Agreement and infringed upon

---

[6] *See* https://onebycvjr.com/ and exemplar (Cove Records trucker hat), a true and correct copy of which is attached hereto as **Exhibit 5**.

-13-
COMPLAINT

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067-3086

Gerencia's intellectual property rights, including its exclusive copyright interests.

68.    In particular, Gerencia noted that Cornelio Jr.'s composition and performance of the song *California Weed* with the artists Beatboy, Cyscö and Tax Millie, which was published on YouTube without Gerencia's knowledge, violated Gerencia's copyright and/or contractual rights.  Gerencia also pointed to Cove Record's promotion of an album that contained songs slated for CVYSD's second studio album pursuant to the 360 Agreement, and distribution of musical works that belong to Gerencia.  (*Id.* at 2-3).

69.    As if its contractual breaches were not enough, CVYSD added insult to injury by embarking on an unrelenting smear campaign, repeatedly (and falsely) disparaging Gerencia and its principal, Mr. Del Villar, on social and traditional media outlets.[7]

70.    In particular, on October 4, 2018, Cornelio Sr. and Cornelio Jr. disparaged Gerencia and Mr. Del Villar, and promoted Cove Records, during an on-camera interview with *ATM News*, published by www.videorola.com.  During the interview, Cornelio Sr. gave out his telephone number and invited venue owners and concert promoters to call him and book CVYSD through Cove Records. (*See* https://www.youtube.com/watch?v=eiWfWUpIp0U).

71.    In response to Gerencia's request that CVYSD cease and desist from making disparaging statements, CVYSD upped the ante with a flurry of new attacks.

72.    On November 20, 2018, Cornelio Sr. again disparaged Gerencia and Mr. Del Villar in an on-camera interview with *ATM News*, calling the contractual relationship with Gerencia a "bad marriage," accusing Gerencia of "abusing his trust"

---

[7] Cornelio Sr. also left a series of harassing messages on Mr. Del Villar's phone; coordinated a campaign in which CVYSD directed anonymous third-parties to send Mr. Del Villar harassing WhatsApp text messages; and posted derogatory comments about Gerencia from fake social media accounts.

by making him sign an exclusive contract, which he claimed that he was led to believe was merely a non-exclusive "promotional agreement," and declaring CVYSD's resolve to end its relationship with Gerencia.  Cornelio Sr. again offered his phone number to venue owners and concert promoters in Mexico and the United States.  (*See* https://www.youtube.com/watch?v=MITEjE5ajuI).

73.    Following his father's lead, Cornelio Jr. attacked Gerencia on his Instagram account.  On November 15, 2018, he published a "roast" or spoofed version of this song, *Fue un Error Amarte*, on his Instagram account, singing:

- "*fue un error firmarte*" ("it was a mistake to sign with you"),

- "*donde están las facturas que tu me robaste*" ("where are the invoices that you stole from me"), and

- *"parece un plan donde tu objetivo era solo explotarme*" ("it seemed like a plan that had as its only objective to exploit me"),

among other false and defamatory statements against Gerencia, designed to make a mockery CVYSD's contractual relationship with Gerencia.  (*See* https://www.youtube.com/watch?v=StewHZaClFY).

74.    Cornelio Jr. concluded his performance with the message addressed to Gerencia:  "do what you wish, what is appropriate, what you have in mind, ***sue me, I don't give a f%ck***."  (*Id.*).  (*See* screenshot of Cornelio Jr.'s November 15, 2018 Instagram "Roast" video, a true and correct copy of which is attached hereto as **Exhibit 7**).

***CVYSD Continues to Repudiate and Breach the 360 and the Participation Agreements***.

75.    In its October 5, 2018 letter, Gerencia notified CVYSD of its intention to exercise a second option period, extending the term of the 360 Agreement from October 28, 2018 to October 29, 2019.

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

76.     At the same time, Gerencia advised CVYSD that its conduct constituted an anticipatory breach of the 360 Agreement under California law, entitling Gerencia to suspend its performance, until CVYSD cured its breaches and resumed performing under the agreement, in particular with respect to its payment obligations to Gerencia. (*Id.* at 3).

77.     Nonetheless, Gerencia endeavored to extend one final olive branch, by providing CVYSD until November 5, 2018, to cure its breaches pursuant to Paragraph 13 of the 360 Agreement.

78.     CVYSD did not respond to Gerencia's October 5th letter, and made no attempt to cure it breaches.

79.     To the contrary, CVYSD has continued to repudiate and breach the 360 Agreement by, among other things: (i) booking performances without Gerencia's approval and for the benefit of a competitor label, Cove Records; (ii) failing to pay Gerencia's share of concert and merchandise sales revenues, diverting those funds to Cove Records; (iii) recording and publicly performing songs subject to the 360 and Participation Agreements for an album to be distributed by Cove Records; and (iv) promoting the future Cove Records album.

80.     In addition, CVYSD, in particular Cornelio Jr., continues to release newly recorded and/or interpreted music and music videos on YouTube, Instagram and other social media sites, in order to promote CVYSD and Cove Records.[8] Through these online platforms' servers located in the United States, CVYSD reproduced Gerencia's copyrighted content with the intent of reaching viewers and listeners in the United States, as well as throughout the world. CVYSD's social media posts, which featured Gerencia's copyright content, was directed to, and in fact viewed and listened

---

[8] *See, e.g.*, https://www.youtube.com/channel/UCs1HWuqM8-AFqxWaDK59TCw (Cornelio Jr.'s Youtube channel).

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067-3086

to by, persons located in the United States.

81.     CVYSD also opened and operates social media accounts, without Gerencia's authorization, on Facebook, Twitter and Instagram, to promote and sell Cove Records' future album and merchandise by the OnebyCVJR and Cove Records brands.[9]

82.     After Gerencia sent its October 5th letter, CVYSD breached the 360 Agreement by, among other acts, performing on October 17, 2018 at the *El Macro Joya 2018* music festival in Monterrey, Mexico.  According to its social media posts, CVYSD played to a crowd of 111,500 fans:



83.     Thereafter, on November 5, 2018, Cornelio Jr. published a Facebook livestream, in which he cited "legal problems" as the reason for delaying the release of the "2018 album."  Cornelio Jr. stated, however, that he selected the studio, and recorded and mixed the songs, for this album, and that CVYSD would pre-release singles by the end of the month, in advance of the official release by Cove Records. https://www.facebook.com/corneliovega/videos/vb.1676382762576560/2322861394

---

[9]  *See, e.g.*, https://www.facebook.com/onebycvjr/;   https://twitter.com/onebycvjr https://www.instagram.com/onebycvjr/.

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

611137/?type=2&theater (at 12m:30s).

84.     Cornelio Jr. announced that the Cove Records album would contain the songs *Te Arrepentirás*, *Sin Raspar Muebles*, *Fue Un Error Amarte* and *Ven Conmigo*, all songs that had been scheduled to be released under the Gerencia label as CVYSD's second studio album. *Id.* (at 12m:33s).  Cornelio Jr. also alluded to CVYSD's inability to play concerts in the United States because they lacked the requisite work visas, but announced CVYSD's intent to secure those visas in order to play those shows, encouraging his fans to continue listening and requesting CVYSD's songs on their favorite radio stations in the United States. *Id.* (at 6m:45s).

85.     On November 16, 2018, CVYSD performed songs from the first and second albums at the festival known as *Feria Comercial Canaco Los Mochis* in Sinaloa, Mexico, and displayed music videos produced by Gerencia as a backdrop. *See* https://www.youtube.com/watch?v=oqf9iBQDqDY.

86.     On November 25, 2018, CVYSD appeared on the television show "Pepe's Office" and performed *Fue Un Error Amarte*. *See* https://www.youtube.com/watch?v=6CdX6z_yHE0.

87.     On December 6, 2018, CVYSD published its performance of a live version of *La Kushara* in collaboration with *Los De Guamuchil* on Cornelio Jr.'s YouTube channel, which was viewed over 551,000 times in the first ten days of its release. *See* https://www.youtube.com/watch?v=f7hxz2uTjF4.  In this video – which, again, features a song paid for and owned by Gerencia – Cornelio Jr. promotes Cove Records with a shout-out to "*puro Cove Records*" ("pure Cove Records"), while his band members wore hats emblazoned with the Cove Records logo.  (*See id.* at 1m:24s).

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067-3086



88.    On January 24, 2019, CVYSD released *Sin Raspar Muebles* – a single originally slated to be released under the second album – on a series of digital music distribution platforms, including iTunes, Apple Music, Amazon, Spotify, Pandora, Google Play, and YouTube, as well as on social media.  The associated metadata provides that *Sin Raspar Muebles* was produced by "One Records."





89.     In addition to flouting the exclusivity and intellectual property terms of the 360 Agreement, the Participation Agreement, and the Producer Work for Hire Agreement, the release of *Sin Raspar Muebles* for digital distribution also violated Plaintiffs' publishing rights under the Publishing Agreement between Gerencia 360 Publishing, Inc. and Cornelio Jr. (hereinafter, "Publishing Agreement") (A partially redacted copy of the Publishing Agreement is attached hereto as **Exhibit 8**).   The Publishing Agreement specifically concerned Plaintiffs' exclusive rights to publish the composition in *Sin Raspar Muebles*.

90.     *Sin Raspar Muebles* has been viewed over 700,000 times on YouTube in the first week of its release.[10]

91.     CVYSD recently announced a second show in Monterrey, Mexico, at the Arena Monterrey, which is scheduled for March 16, 2019.

92.     CVYSD's persistent flouting of its contractual obligations and violation of Gerencia's intellectual property rights has left Gerencia with no option, but to accept Cornelio Jr.'s invitation to take legal action.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract - 360 Agreement)
### (Gerencia 360 Music Against Cornelio Sr., Cornelio Jr. and Jesus Valentin)

93.     Gerencia 360 Music repeats and incorporates by reference the allegations in paragraphs 1 through 92 above, as if fully set forth herein.

94.     The 360 Agreement is a valid and enforceable written agreement.

95.     At all material times, Gerencia 360 Music satisfied all of its contractual obligations under the 360 Agreement.

96.     Cornelio Sr., Cornelio Jr., and Jesus Valentin (hereinafter, the "CVYSD Defendants") have breached the 360 Agreement by failing or refusing to:

---

[10] https://www.youtube.com/watch?v=IeoR1C6Dcl8.

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

(a) complete a second studio album during the Second Option Period (October 28, 2017 to October 28, 2018), by timely delivering only 1 out of 14 agreed-upon sound recordings (*see* Ex. 1, 360 Agreement ¶¶ 3(A)(2) and (3).

(b) perform at concerts in the United States booked by Gerencia (*see id.* ¶ 4(B));

(c) cooperate and coordinate with Gerencia 360 Music in the promotional activities related to the first and second studio albums, including by failing to appear at scheduled "phoners," "meet and greets" and other promotional events without prior notice of cancellation (*see id.*);

(d) advise Gerencia 360 Music of newly composed and/or recorded music and music videos, including collaborations with other artists (*e.g.* for the tracks *California Weed* and *La Kushara*), which Cornelio Jr. published on YouTube without giving prior notice or credit to Gerencia (*see id.* ¶¶ 2(A) and (B), 3(A), (C), (D), (E), and (G), 4(A), 8 and 14);

(e) abide by the 360 Agreement's exclusivity and intellectual property terms, including by promoting an album to be released by the competing Cove Records label, releasing single tracks originally slated for the second album, and selling merchandise through the competing OnebyCVJR and Cove Records brands (*id.*); and

(f) make payment of Gerencia's revenue share from concerts and the sale of merchandise, which CVYSD continues to undertake without prior notice or approval by Gerencia under the competing Cove Records label and the OnebyCVJR and Cove Records brand (*id.* ¶¶ 2(B), 4(D), (E), and (F)).

97.    The foregoing breaches constitute material breaches of the 360 Agreement.

98.    The CVYSD Defendants' clear and unequivocal refusal to perform its obligations under the 360 Agreement also constitutes an anticipatory repudiation and material breach of the agreement.

99.    As a direct and proximate cause of such breaches of contract, Gerencia

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067-3086

1   360 Music has sustained and continues to sustain actual damages and harm, the exact

2   nature and extent of which will be proven at trial.

3       100.   As a direct and proximate cause of such breaches of contract, Gerencia

4   360 Music will also seek to recover any profits or revenues improperly received by the

5   CVYSD Defendants in an amount to be determined at trial.

6                    **SECOND CLAIM FOR RELIEF**
                   (Breach of Contract – Publishing Agreement)
7                  (Gerencia 360 Publishing Against Cornelio Jr.)

8       101.   Gerencia 360 Publishing repeats and incorporates by reference the

9   allegations in paragraphs 1 through 92 above, as if fully set forth herein.

10      102.   The Publishing Agreement is a valid and enforceable written agreement.

11      103.   At all material times, Gerencia 360 Publishing satisfied all of its

12  contractual obligations under the Publishing Agreement.

13      104.   Cornelio Jr. breached the Publishing Agreement by recording the track

14  *Sin Raspar Muebles* and making it available to the public for digital distribution on

15  iTunes, Apple Music, Amazon, Spotify, Pandora, Google Play, and YouTube, and

16  likely other paid and ad-supported streaming services, as well as on social media sites,

17  without authorization, credit or royalty revenue share paid to the 100% owner of all

18  publishing rights to the composition: Gerencia 360 Publishing.  (*See* Ex. 8, Publishing

19  Agreement ¶¶ 1, 4, 5, 6, and 8).

20      105.   The foregoing breaches constitute material breaches of the Publishing

21  Agreement.

22      106.   Cornelio Jr.'s clear and unequivocal refusal to perform his obligations

23  under the Publishing Agreement also constitutes an anticipatory repudiation and

24  material breach of the agreement.

25      107.   As a direct and proximate cause of such breaches of contract, Gerencia

26  360 Publishing has sustained and continues to sustain actual damages and harm, the

27  exact nature and extent of which will be proven at trial.

28

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

108.   As a direct and proximate cause of such breaches of contract, Gerencia 360 Publishing will also seek to recover any profits or revenues improperly received by Cornelio Jr. and/or the CVYSD Defendants in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
#### (Breach of Contract – Participation Agreement)
#### (Gerencia 360 Music Against the CVYSD Defendants)

109.   Gerencia 360 Music repeats and incorporates by reference the allegations in paragraphs 1 through 92 above, as if fully set forth herein.

110.   The Participation Agreement is a valid and enforceable written agreement.

111.   At all material times, Gerencia 360 Music satisfied all of its contractual obligations under the Participation Agreement.

112.   The CVYSD Defendants, in particular Cornelio Jr., have breached the Participation Agreement by releasing content on YouTube, Facebook, Twitter, Instagram and other social media sites, including music and music videos, on behalf of CVYSD, the individual band members and/or Cove Records, and have improperly retained all revenue generated from the dissemination of this content.  (*See* Ex. 2, Participation Agreement ¶ 2).

113.   The CVYSD Defendants have also breached the Participation Agreement by opening and operating social media sites for the benefit of a competitor label, Cove Records, and competitor brands, OnebyCVJR and Cove Records, on Facebook, Twitter and Instagram.  (*See id.* ¶¶ 2 and 6).

114.   The foregoing breaches constitute material breaches of the Participation Agreement.

115.   The CVYSD Defendants' clear and unequivocal refusal to perform its obligations under the Participation Agreement also constitutes an anticipatory repudiation and material breach of the agreement.

116.   As a direct and proximate cause of such breaches of contract, Gerencia

-23-

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

360 Music has sustained and continues to sustain actual damages and harm, the exact nature and extent of which will be proven at trial.

117. As a direct and proximate cause of such breaches of contract, Gerencia 360 Music will also seek to recover any profits or revenues improperly received by the CVYSD Defendants in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (Breach of Contract)
### (Gerencia 360 Music Against Mario Aguilar, Ruben Gonzalez and Wounded Enterprises, Inc.)

118. Gerencia 360 Music repeats and incorporates by reference the allegations in paragraphs 1 through 92 above, as if fully set forth herein.

119. The Producer Work for Hire Agreement is a valid and enforceable written agreement.

120. At all material times, Gerencia 360 Music satisfied all of its contractual obligations under the Producer Work for Hire Agreement.

121. Messrs. Aguilar and Gonzalez, individually, collectively, and/or by or through Wounded Enterprises, Inc. (collectively, the "Wounded Studios Defendants"), have breached the Producer Work for Hire Agreement by improperly retaining the sound recordings subject to this agreement, despite Gerencia's demands, making a side deal with the CVYSD Defendants and/or Cove Records to include these sound recordings in the upcoming album to be released under the Cove Records label, and thereby failing to: (i) create, contribute and produce the sound recording masters listed in Schedule A of the agreement as works for hire for Gerencia; (ii) treat Gerencia as the sole and exclusive owner of the copyright in those masters; and (iii) respect Gerencia's exclusive rights to sell, license or otherwise dispose of the masters, and to have the first opportunity to alter, change, modify or edit them, among other breaches. (*See* Ex. 3, Producer Work for Hire Agreement, Whereas Clause 1 and ¶¶ 1-3).

122. The foregoing breaches constitute material breaches of the Producer

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067-3086

Work for Hire Agreement.

123.   The Wounded Studios Defendants' clear and unequivocal refusal to perform their obligations under the Producer Work for Hire Agreement also constitutes an anticipatory repudiation and material breach of the agreement.

124.   As a direct and proximate cause of such breaches of contract, Gerencia 360 Music has sustained and continues to sustain actual damages and harm, the exact nature and extent of which will be proven at trial.

125.   As a direct and proximate cause of such breaches of contract, Gerencia 360 Music will also seek to recover any profits or revenues improperly received by the Wounded Studios Defendants in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### (Inducement of Breach of Contract)
### (Gerencia 360 Music Against the Wounded Studios Defendants)

126.   Gerencia 360 Music repeats and incorporates by reference the allegations in paragraphs 1 through 92 above, as if fully set forth herein.

127.   The Wounded Studios Defendants knew of the existence and terms of the 360 Agreement, including that the CVYSD Defendants owed contractual obligations to Gerencia 360 Music and were bound to exclusively render services until the conclusion of the contractual terms.

128.   In addition to direct knowledge, the Wounded Studios Defendants also had imputed knowledge of this agreement from the CVYSD Defendants.

129.   With the express goal of profiting from and contracting directly with the CVYSD Defendants and Cove Records, the Wounded Studios Defendants intended to cause, and in fact caused, the CVYSD Defendants to breach the 360 Agreement, by CVYSD abandoning the completion of the second studio album and refusing to deliver the masters to Gerencia 360 Music.

130.   As a direct and proximate result of the Wounded Studios Defendants' inducement of the CVYSD Defendants to breach the 360 Agreement, Gerencia 360

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

Music has been damaged in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF
#### (Intentional Interference with Contractual Relations)
#### (Gerencia 360 Music Against the Wounded Studios Defendants)

131.   Gerencia 360 Music repeats and incorporates by reference the allegations in paragraphs 1 through 92 above, as if fully set forth herein.

132.   The Wounded Studios Defendants knew of the existence and terms of the 360 Agreement, including that the CVYSD Defendants owed contractual obligations to Gerencia 360 Music and were bound to exclusively render services until the conclusion of the contractual terms.

133.   In addition to direct knowledge, the Wounded Studios Defendants also had imputed knowledge of this agreement from the CVYSD Defendants.

134.   With the express goal of profiting from and contracting directly with the CVYSD Defendants and Cove Records, the Wounded Studios Defendants intended to cause, and in fact caused, an actual breach or disruption of the 360 Agreement, by CVYSD abandoning the completion of the second studio album and refusing to deliver the masters to Gerencia 360 Music.

135.   As a direct and proximate result of the Wounded Studios Defendants' inducement of the CVYSD Defendants to breach the 360 Agreement, Gerencia 360 Music has been damaged in an amount to be proven at trial.

### SEVENTH CLAIM FOR RELIEF
#### (Unfair Business Competition)
#### (California Bus. & Prof. Code §§ 17200 *et seq*. )
#### (Gerencia Against the CVYSD Defendants and Cove Records)

136.   Gerencia repeats and incorporates by reference the allegations in paragraphs 1 through 92 above, as if fully set forth herein.

137.   The CVYSD Defendants conspired with Cove Records to pass off, and did pass off, musical works and/or merchandise governed by the 360, Publisher, Participation and Producer Work for Hire Agreements as belonging to CVYSD,

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067-3086

individual band members, and/or Cove Records, which constitutes unfair business practices in violation of California Business & Professions Code §§ 17200, *et. seq.*

138.  The CVYSD Defendants and Cove Records have been able to successfully pass or attempt to pass off upon the public the goods or business of Gerencia as belonging to the CVYSD Defendants and/or Cove Records, ignoring Gerencia's intellectual property rights under the 360, Publisher, Participation and Producer Work for Hire Agreements, including rights emanating from the work-for-hire, copyright, and name, image and likeness provisions of the agreements.

139.  In promoting and intentionally including the name of Cove Records in marketing activities associated with the music and music videos belonging to Gerencia, the CVYSD Defendants and Cove Records have created a likelihood of confusion among the public as to the original source of those works.

140.  The CVYSD Defendants and Cove Records' actions constitute unlawful, unfair, deceptive and/or fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et. seq.*

141.  The CVYSD Defendants and Cove Records have also unfairly competed with Gerencia by capitalizing on Gerencia's significant financial investment in CVYSD for the exclusive benefit of CVYSD, its individual band members and Cove Records.  CVYSD's audiovisual works composed and produced as a result of this investment, and the merchandise sold as a result of the band's fame, are now being passed off as belonging to Cove Records, which competes for the Mexican, Mexican American and Mexillenial listeners in California and other states.

142.  The CVYSD Defendants have further unfairly competed by falsely attacking Gerencia and slandering Gerencia and Mr. Del Villar's business reputation on widely disseminated group chats and social media accounts.

143.  The CVYSD Defendants and Cove Records' wrongful acts have proximately caused and will continue to cause Gerencia substantial damage, both from

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

1   lost income and profits under the 360, Publisher, Participation and Producer Work for

2   Hire Agreements, and from lost future business from potential artists who may find

3   credible Defendants' smear campaign, and/or may wish to produce music through

4   Cove Records.

5       144.   By reason of their wrongful acts, the CVYSD Defendants and Cove

6   Records have been unjustly enriched at the expense of Gerencia in a substantial sum,

7   and Gerencia is entitled to the restitution of this sum, which is as yet unknown to them.

8       145.   Pursuant to California Business & Professions Code § 17203, Gerencia is

9   also entitled to disgorgement of ill-gotten gains in order to prevent further acts of unfair

10   competition.

11       146.   The CVYSD Defendants and Cove Records' acts of unlawful competition

12   have caused irreparable and incalculable injury to Gerencia and, unless enjoined, could

13   cause additional irreparable and incalculable injury, as to which Gerencia has no

14   adequate remedy at law.  The CVYSD Defendants and Cove Records threaten to, and

15   unless restrained will, continue to engage in unfair competition.

16       147.   The CVYSD Defendants and Cove Records' acts of unfair business

17   practices are ongoing and, as a result, they should be enjoined from further acts,

18   practices and conduct that constitute unlawful business practices as defined by

19   California Business & Professions Code §§ 17200, *et. seq*.

20       148.   At all times mentioned herein, the CVYSD Defendants and Cove Records

21   intentionally, willfully, fraudulently and maliciously acted to defraud and oppress

22   Gerencia, Mr. Del Villar and its employees, including by making threats to their safety

23   and well-being during concerts that took place in Mexico.  As a result of such conduct,

24   Gerencia is entitled to punitive damages pursuant to California Civil Code § 3294 in

25   an amount to be proven at trial.

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

## EIGHTH CLAIM FOR RELIEF
### (Copyright Infringement)
### (Gerencia 360 Publishing, Inc. Against the CVYSD Defendants and Cove Records)

149.   Gerencia 360 Publishing repeats and incorporates by reference the allegations in paragraphs 1 through 92 above, as if fully set forth herein.

150.   The audiovisual works composed by CVYSD and its individual band members under the 360 and Publisher Agreements (hereinafter, the "Works") are original creative works of art fixed in a tangible means of expression that constitute compositions and/or sound recordings pursuant to 17 U.S.C. § 102(a), and are subject to copyright protection under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

151.   Gerencia 360 Publishing is the owner of all copyright interests in the Works as works-for-hire or pursuant to an assignment.  (*See* 360 Agreement ¶ 3(G)).

152.   Gerencia 360 Publishing has complied or will comply with all copyright registration requirements for the Works.   Specifically, Gerencia 360 Publishing registered compositional copyrights (music and lyrics) to the following tracks from the first studio album, *El Problema*: (i) *El Primero* (PA002093731); (ii) *Las Tekates* (PA002099334); (iii) *El Problema* (PA002093727); and (iv) *No Me Hubiera Enamorado* (PA002093755).[11]

153.   Gerencia 360 Publishing also registered compositional copyrights (music and lyrics) to *La Kushara* (PA002123772) from the unfinished second studio album, as well as *Cambio de Papeles* (PA002123775) and *Fue Un Error Amarte* (PA2134698).[12]   Gerencia 360 Publishing applied for a compositional copyright (music and lyrics) to *Sin Raspar Muebles*, also from the unfinished second studio

---

[11] *See* U.S. Copyright Registrations, a true and correct copy of which his attached hereto as **Composite Exhibit 9**.

[12] *See* U.S. Copyright Registrations, a true and correct copy of which is attached hereto as **Composite Exhibit 10**.

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA   90067-3086

album.[13]

154.  Gerencia 360 Publishing has the right and standing to enforce its exclusive copyrights to the Works.

155.  The CVYSD Defendants and Cove Records have reproduced, copied, publicly performed, distributed and prepared derivative works based upon, and distributed copies of the Works for their own use, without Gerencia 360 Publishing's permission or authorization, including through continuing unauthorized public performances of the Work at concert shows and postings on YouTube and social media sites.  In particular, during their recent concerts in November 2018 at music festivals in Monterrey and Sinaloa, Mexico, and in social media posts on YouTube and Facebook, among others, directed towards and broadcast in the United States, the CVYSD Defendants publicly performed and created derivative versions of *La Kushara* and *Fue Un Error Amarte*, among other works.  Further, together with Cove Records, the CVYSD Defendants have distributed these performances via the Internet and social media.

156.  The CVYSD Defendants also released *Sin Raspar Muebles* for digital distribution on iTunes, Apple Music, Amazon, Spotify, Pandora, Google Play, and YouTube, and likely other paid and ad-supported streaming services, as well as on social media.

157.  The CVYSD Defendants and Cove Records' conduct constituted, and continues to constitute, infringement upon Gerencia 360 Publishing's exclusive rights to reproduce, copy, prepare derivative works based upon, license, distribute and broadcast the Works, all in violation of 17 U.S.C. §§ 106 and 501, paragraph 3(G) of the 360 Agreement, and paragraphs 1, 4, 5, 6, and 8 of the Publisher Agreement.

---

[13] *See* U.S. Copyright Application for *Sin Raspar Muebles*, a true and correct copy of which is attached hereto as **Exhibit 11**.

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067-3086

158.   The CVYSD Defendants and Cove Records' infringement was, and continues to be, knowing, intentional, deliberate, willful, malicious, and in blatant disregard of Gerencia 360 Publishing's exclusive rights.

159.   As the owner of these Works, Gerencia 360 Publishing is entitled to temporary and permanent orders impounding and producing to Gerencia 360 Publishing all infringing materials, including but not limited to all originals, copies, and reproductions, in whole or in part, and derivatives of any recordings of the Works in the possession, custody or control of the CVYSD Defendants and Cove Records, or any of their agents, pursuant to 17 U.S.C. § 503.

160.   The CVYSD Defendants and Cove Records' infringing conduct has caused Gerencia 360 Publishing to suffer damages and harm, including, but not limited to, lost revenues and profits, lost market share, loss of goodwill and reputation, and other damages, including costs and attorneys' fees, the exact nature and extent of which will be proven at trial.

161.   Accordingly, Gerencia 360 Publishing is entitled to an award against the CVYSD Defendants and Cove Records for the recovery of Gerencia 360 Publishing's profits, if any, Gerencia 360 Publishing's actual damages or statutory damages, punitive damages, and attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504 and 505.

## NINTH CLAIM FOR RELIEF
### (Contributory Copyright Infringement)
### (Gerencia 360 Publishing, Inc. Against the Wounded Studios Defendants)

162.   Gerencia 360 Publishing repeats and incorporates by reference the allegations in paragraphs 1 through 161 above, as if fully set forth herein.

163.   The Wounded Studios Defendants knew or had reason to know of the CVYSD Defendants and Cove Records' infringement of the Works in the manner described in paragraphs 149 to 161.

164.   The Wounded Studios Defendants intentionally induced and/or materially contributed to the CVYSD Defendants and Cove Records' infringement of

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

the Works by taking affirmative steps to foster their infringing activity.

165.   Specifically, the Wounded Studios Defendants intentionally induced and materially contributed to CVYSD abandoning the completion of the second studio album, and then refused to deliver the masters to Gerencia 360 Publishing.

166.   Upon information and belief, Messrs. Aguilar and Gonzalez made a separate deal with CVYSD to provide the band with the sound recordings for use in Cove Record's upcoming release, thereby materially contributing to the CVYSD Defendants and Cove Records' infringement of the Works in the manner described in paragraphs 149 to 161.

167.   The Wounded Studios Defendants' conduct constituted, and continues to constitute, contributory infringement upon Gerencia 360 Publishing's exclusive rights to reproduce, copy, prepare derivative works based upon, license, distribute and broadcast the Works, all in violation of 17 U.S.C. §§ 106 and 501, paragraph 3(G) of the 360 Agreement, and paragraphs 1, 4, 5, 6, and 8 of the Publisher Agreement.

168.   The Wounded Studios Defendants' contributory infringement was, and continues to be, knowing, intentional, deliberate, willful, malicious, and in blatant disregard of Gerencia 360 Publishing's exclusive rights.

169.   As the owner of the Works, Gerencia 360 Publishing is entitled to temporary and permanent orders impounding and producing to Gerencia 360 Publishing all infringing materials, including but not limited to all originals, copies, and reproductions, in whole or in part, and derivatives of any recordings of the Works in the possession, custody or control of the Wounded Studios Defendants, or any of their agents, pursuant to 17 U.S.C. § 503.

170. The Wounded Studios Defendants' infringing conduct has caused Gerencia 360 Publishing to suffer damages and harm, including, but not limited to, lost revenues and profits, lost market share, loss of goodwill and reputation, and other damages, including costs and attorneys' fees, the exact nature and extent of which will

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

-32-
COMPLAINT

be proven at trial.

171.    Accordingly, Gerencia 360 Publishing is entitled to an award against the Wounded Studios Defendants' for the recovery of Gerencia 360 Publishing's profits, if any, Gerencia 360 Publishing's actual damages or statutory damages, punitive damages, and attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504 and 505.

### TENTH CLAIM FOR RELIEF
**(Unjust Enrichment – In the Alternative)**
**(Gerencia Against The CVYSD Defendants and Cove Records)**

172.    Gerencia repeats and incorporates by reference the allegations in paragraphs 1 through 92 above, as if fully set forth herein.

173.    The CVYSD Defendants and Cove Records have been unjustly enriched by their receipt of monies invested by Gerencia in exchange for the CVYSD Defendants' provision of intellectual property rights and economic entitlements. The CVYSD Defendants and Cove Records have accepted the benefits conferred upon them, but refused to provide Gerencia with return consideration, including, without limitation, revenue generated from concerts, live events and the sale of merchandise.

174.    The CVYSD Defendants and Cove Records have also been unjustly enriched by the investment Gerencia made in them to record and produce two original studio albums and to engage in concert touring and promotional activities, without delivering to Gerencia the full benefit of their promised performance.

175.    The CVYSD Defendants and Cove Records were aware of, and had knowledge of, the benefits conferred upon them by Gerencia. The CVYSD Defendants and Cove Records' acceptance and retention of these monies paid or made possible by Gerencia would be unjust.

176.    In addition, The CVYSD Defendants and Cove Records have used and are continuing to use Gerencia's Works and to trample upon Gerencia's intellectual property rights to their own commercial advantage.

177.    The CVYSD Defendants and Cove Records have engaged in these actions

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

wrongfully, without Gerencia's consent, and have done so to their advantage and benefit.

178.   As a direct and proximate result of their conduct, the CVYSD Defendants and Cove Records have been unjustly enriched in an amount to be proven at trial.

179.   Gerencia is entitled to the return of all economic benefits which the CVYSD Defendants and Cove Records derived from Gerencia.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray the Court for judgment and relief as follows:

For judgment in favor of Gerencia and against Defendants;

For actual and compensatory damages for the CVYSD Defendants and/or their individual members' breach of the 360, Publisher and the Participation Agreements in an amount to be established at trial, together with pre-judgment and post-judgment interest thereon at the maximum legal rate;

For actual and compensatory damages for the Wounded Studios Defendants' breach of the Producer Work for Hire Agreement in an amount to be established at trial, together with pre-judgment and post-judgment interest together thereon at the maximum legal rate;

That the Wounded Studios Defendants be adjudged liable for having induced the CVYSD Defendants to breach the 360 Agreement and/or for intentionally interfering with the CVYSD Defendants' contractual relations with Gerencia 360 Music by virtue of this agreement;

That the CVYSD Defendants and Cove Records be adjudged to have committed unfair business practices in violation of California Business & Professions Code §§ 17200, *et. seq.* and Gerencia be awarded all remedies afforded by this statute;

That the CVYSD Defendants and Cove Records be adjudged to have infringed Gerencia 360 Publishing's intellectual property rights in and to the Works, including

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067-3086

its rights under California common law, and the Copyright Act, 17 U.S.C. §§ 106 and 501;

That the Wounded Studios Defendants be adjudged liable to have contributorily infringed Gerencia 360 Publishing's intellectual property rights in and to the Works, including its rights under California common law, and the Copyright Act, 17 U.S.C. §§ 106 and 501;

That the CVYSD Defendants, Cove Records, Wounded Studios Defendants and all of their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors and all persons acting in concert with them be forthwith preliminarily and thereafter permanently enjoined from infringing Gerencia 360 Publishing's Works pursuant to 17 U.S.C. § 502;

That the CVYSD Defendants, Cove Records, Wounded Studios Defendants and all of their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors and all persons acting in concert with them be forthwith preliminarily and thereafter permanently ordered to impound and produce to Gerencia all infringing materials, including newly recorded music, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503;

That Defendants be required to account to Gerencia for any and all profits derived by their exploitation of the Works and user generated content on social media;

That Defendants be ordered to pay over to Gerencia all damages, including future damages, that Gerencia has sustained, or will sustain, as a consequence of the acts complained of herein, subject to proof at trial;

That Gerencia be awarded any profits derived by the CVYSD Defendants, Cove Records and Wounded Studios Defendants as a result of said acts, or as determined by said accounting, or in the alternative, statutory damages, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 504;

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067-3086

1

2
That Gerencia be awarded its costs, attorney's fees, and expenses in this action

3
pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 505, and paragraphs 15 and 21(D) of the

360 Agreement, as applicable.

4
For punitive damages from the CVYSD Defendants, Cove Records and

5
Wounded Studios Defendants pursuant to California Civil Code § 3294; and

6
For such other relief as this Court deems just and proper.

7
## JURY TRIAL DEMAND

8
Gerencia respectfully demands a trial by jury on all claims and issues so triable

9
pursuant to Rule 38 of the Federal Rules of Civil Procedure.

10

11
Dated:  February 7, 2019

12
**STROOCK & STROOCK & LAVAN LLP**
JAMES G. SAMMATARO

13
HANS HERTELL (*PRO HAC VICE PENDING*)

14

15
By:  _____ */s/ James G. Sammataro* _____
James G. Sammataro

16

17
Attorneys for Plaintiffs
Gerencia 360 Music, Inc,

18
Gerencia 360 Publishing, Inc.

19

20

21

22

23

24

25

26

27

28